James OWSLEY, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

Sept. 22, 1981.

Jack Emory Farley, Public Advocate, Frankfort, James S. Sanders (of counsel), Lancaster, for movant.

Steve Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for respondent.

## OPINION OF THE COURT

James Owsley was convicted of violating KRS 514.040 (Theft by Deception) and sentenced to two years in prison. He appeals from a decision of the Court of Appeals affirming the judgment.

On August 26, 1977, Owsley bought livestock from the Garrard County Stockyards for $5696.35 and made payment in the form of a check drawn by him on a bank at Harrodsburg in which he maintained a checking account. The check was returned on September 14 for lack of sufficient funds. Owsley did not make the check good within 10 days after notice. Hence under KRS 514.040(4)(b) he is presumed to have known, when he delivered the check, that it "would not be paid." This is the transaction for which he was convicted under the statute.

■ First off, we construe the words "would not be paid" as used in KRS 514.-040(4)(b) as connoting that the drawer knew when he gave the check that it would not be honored upon its presentation to the bank, as distinguished from a present intention never to make the check good at any time in the future.

■ Prior to August 26, 1977, Owsley had engaged in similar transactions with the stockyard and had given checks that were paid after having been first returned for insufficiency of funds on deposit. The chief bookkeeper testified that "they were always cleared up the second time around.

He had always paid them off before." While we do not say that this course of conduct of itself would take the August 26 transaction out of the theft-by-deception statute, the fact is that on the previous day, August 25, 1977, a check in the amount of $8409.35 given by Owsley to the stockyard on August 19, 1977, had been rejected for insufficient funds and the stockyard had been so notified by the bank. We are of the opinion that in all fairness this circumstance requires that the August 26 check be treated as the equivalent of a post-dated check. There simply was no deception, actual or presumed.

Our conclusion is that Owsley's motion for a directed verdict should have been granted.

The judgment is reversed and the proceeding remanded to the trial court for further proceedings consistent with this opinion.

PALMORE, C.J., and AKER, CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., concur.

LUKOWSKY, J., concurs in result only.