Harold Glen LUTTRELL, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

Nov. 23, 1982.

As Modified on Denial of Rehearing
Feb. 16, 1983.

Jack E. Farley, Public Advocate, Com. of
Ky., Frankfort, for movant; Anna H.
Isaacs, Sadieville, of counsel.

Steven L. Beshear, Atty. Gen., Linda
Carnes Wimberly, Asst. Atty. Gen., Frank-
fort, for respondent.

STERNBERG, Justice.

Movant Harold Glen Luttrell was convict-
ed in the Casey Circuit Court of theft by
deception as denounced by KRS 514.040 and
sentenced to two years' imprisonment. The
Court of Appeals affirmed the conviction,
and this court granted review on June 8,
1982. On this appeal the only issue raised is
whether the trial court erred in denying
Luttrell's motion for a directed verdict of
acquittal. Because we find no error, we
affirm.

On May 24, 1978, Luttrell wrote and de-
livered a check in the amount of $7,105.22
to Carl Griffin. The check was drawn on
Luttrell's account at the Casey County
Bank and made payable to Griffin's compa-
ny, the Watson Gate Company, as payment
for two truckloads of farmgates received by
Luttrell. Griffin took the check to the Ca-
sey County Bank and attempted to deposit
it in the company account. He was told
that Luttrell's account did not contain suffi-
cient funds to pay the check.

Luttrell argues that he was entitled to an
acquittal because (1) there was not a proper
presentation of the check to the bank for
payment, and (2) the evidence discloses that
Griffin accepted the check knowing there
was insufficient funds in the bank at that
time to pay the check.

The first argument is based on the language of KRS 514.040. On the date the offense was committed, KRS 514.040, in pertinent part, read:

"Theft by deception.—(1) a person is guilty of theft by deception when he obtains property of another by deception with intent to deprive him thereof. A person deceives when he intentionally:

\* \* \* \* \* \*

(e) Issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.

\* \* \* \* \* \*

(4) For purposes of subsection (1), an issuer of a check or similar sight order for the payment of money is presumed to know that the check or order, other than a postdated check or order, would not be paid, if:

\* \* \* \* \* \*

(b) Payment was refused by the drawee for lack of funds, upon presentation within 30 days after issue, and the issuer failed to make good within 10 days after receiving notice of the refusal."

There is no dispute that Luttrell obtained the property from Griffin's company by issuing a check and that on the date the check was issued the account on which the check was drawn did not contain enough money to cover the check. Luttrell argues that Griffin did not make *presentment* of the check as required by KRS 355.3–504, equating the "presentment" therein prescribed with *presentation*, as set out in KRS 514.040(4)(b). The evidence herein discloses that on two separate occasions Griffin took Luttrell's check to the bank upon which it was drawn and was there informed that the check would not be honored. We consider this sufficient presentation under the criminal statute, and will not impose the rigid requirements of the Uniform Commercial Code upon the statute dealing with theft by deception.

An employee of the Casey County Bank testified that Luttrell's account contained only $1,137.30 on the day this check was written. Because of this, the check would have been immediately dishonored had presentment been made. There was a discrepancy of nearly $6,000 between the amount of the check and the amount in the account upon which the check was drawn. The size of the discrepancy is sufficient evidence for the jury to have found that Luttrell knew at the time he delivered the check to Griffin that it would not be honored.

Luttrell's second argument is based on our decision in *Owsley v. Commonwealth,* Ky., 621 S.W.2d 21 (1981). Luttrell had dealt with Griffin on many occasions in the three years prior to May 24, 1978. The evidence shows that on those occasions Griffin had accepted checks from Luttrell, knowing that they were drawn on insufficient funds. Griffin would hold the checks until Luttrell resold the farmgates and deposited enough money in his checking account to cover the outstanding checks. Luttrell's conclusion is that each check was in reality a note. Griffin testified that he believed that the check issued here was drawn on sufficient funds. He said that Luttrell owed Watson Gate Company $15,500 at the time of the transaction, and that he did not agree to extend credit to Luttrell.

We believe that Luttrell's reliance on *Owsley* is misplaced. In that case the payee had a history of holding bad checks for later collection, and we held that such a circumstance, standing alone, would not take the case out of the theft by deception statute; however, when considered with the additional evidence, Owsley was entitled to a directed verdict of acquittal. We relied on the additional fact that the payee had received notice from the drawee bank of Owsley's lack of funds one day prior to receiving the bad check which led to Owsley's conviction. In the instant case, there is no such knowledge and the facts do not compel a finding that Griffin was not deceived. There was a factual question as to whether Griffin was deceived, and the jury was warranted in so finding. Luttrell ar-

gues that he did not know that his check was drawn on insufficient funds, while at the same time argues that his payee was aware that the check would not be paid. Under the evidence as a whole, it was not unreasonable for the jury to have found Luttrell guilty. *Baril v. Commonwealth,* Ky., 612 S.W.2d 739 (1981).

The decision of the Court of Appeals is affirmed.

All concur.