Philip MARTIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 90–CA–1449–MR.

Court of Appeals of Kentucky.

July 12, 1991.

Discretionary Review Denied and Case Ordered Published by Supreme Court Dec. 11, 1991.

Natty Bumppo, Brownsville, for appellant.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Frankfort, for appellee.

Before HOWERTON, HUDDLESTON and MILLER, JJ.

MILLER, Judge.

Philip Martin brings this appeal from a judgment of the Edmonson Circuit Court imposing a one and one-half year probated sentence upon him for violation of Kentucky Revised Statute (KRS) 514.040 (theft by deception.) It appears that appellant was a residential building contractor in Edmonson County, Kentucky. On several occasions, he had subcontracted with one Larry Meredith to install septic tanks, footers, basements, and waterlines for residences under construction. Generally, appellant paid Meredith pursuant to Meredith's invoice submitted at the completion of each job. In payment of one such invoice, appellant issued a check dated June 2, 1989, in

the amount of $4,825.00. It was returned marked "Account Closed." [1] This check became the basis of prosecution. When the check was returned, Meredith notified appellant and made attempts to collect same. Payment was not made.[2]

On November 7, 1989, the grand jury of Edmonson County, charging violation of KRS 514.040, returned the following indictment against appellant:

THE GRAND JURY CHARGES:

That on or about the 2nd day of June, 1989, in Edmonson County, Kentucky, the above named defendant committed the offense of theft by obtaining from Larry Meredith services for the installation of septic tanks, waterlines and footers of a value of $100 or more, in return for a worthless check drawn by the defendant on the United Citizens Bank of New Castle, Kentucky, against the peace and dignity of the Commonwealth of Kentucky.

At trial, appellant insisted, and still insists, that the June 2 check was not subject to prosecution under the statute. The testimony is conflicting. Appellant maintains that he gave the check to Meredith some two weeks earlier, but postdated it June 2 with the understanding that Meredith would hold it until such time that appellant could get his finances in order. Meredith denies this allegation. We do not deem controlling this conflict in testimony. The real issue is whether the issuance of the subject check, whenever it was issued, was in contravention of KRS 514.040. That section provides, in relevant part:

514.040. THEFT BY DECEPTION.—(1) *A person is guilty of theft by deception when he obtains property or services of another by deception with intent to deprive him thereof.* A person deceives when he intentionally:

(a) Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind;

.    .    .    .    .

---

1. The record is unclear as to why the account was closed. Appellant, however, maintains it was on the bank's initiative.

2. It appears that Larry Meredith filed a mechanic's lien (Kentucky Revised Statutes Chapter 376.010 et seq.) to secure payment for his services.

(e) Issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee. (emphasis added)

■ The obvious interpretation of the foregoing statute is that there must be a parting with property or services based upon the deceptive intent to deprive the owner thereof. The mere issuance of a "cold check" in payment for property or services not obtained by deceptive intent is insufficient. It is the fraudulent intent which forms the basis of the crime, and not a mere inability to pay an indebtedness with a check backed by sufficient funds. Case law supports our position.

In *Luttrell v. Commonwealth*, Ky., 644 S.W.2d 647 (1983), a worthless check was delivered in exchange for two truckloads of farm gates. It was held that since there was a discrepancy of nearly $6,000 between the amount of the check and the amount in the drawer's account when the check was issued, the check was prosecutable. An analysis of this case points out that if a check is issued in exchange for property or services, the deceptive intent may be proven by circumstances surrounding the transaction. This, however, does not eliminate the necessity that property or services be obtained in exchange for the check.

In *Owsley v. Commonwealth*, Ky., 621 S.W.2d 21 (1981), a check was given by the purchaser of livestock at the Garrard County Stockyards. The livestock was received at the time the check was given. The check "bounced." It was held that the check was not prosecutable under the statute. There had been a custom between the parties of holding the check and presenting it to the bank for payment when directed by the drawer, or simply redepositing it for payment. This conduct, together with information furnished by the bank that the drawer's account was insufficient, rendered the check nonprosecutable as there was no deception.

The case of *Rice v. Commonwealth*, Ky., 621 S.W.2d 911 (1981), is incisive. In that case, a seed company purchased soybeans from various farmers. The company paid for the beans by checks which proved worthless. It appears that, in some in-

stances, postdated checks were given to farmers with the understanding that they would hold the checks for presentment at a later date. As to other farmers, the beans were received and stored with payment to be made later. Whatever the situation, the conviction of the seed company was reversed for reason the instruction did not direct the jury to consider the company's intent to defraud at the time the beans were received, rather than when the checks were issued. The Court went on to say "simultaneous consideration" is not necessary to create an offense under KRS 514.-040. Nevertheless, the intent of the alleged wrongdoer when the property is obtained governs instead of the intent when a check is given.

■ In view of the foregoing authorities, we are constrained to believe that the issuance of the check in question by appellant in payment for the services already rendered by Meredith, as was customary, did not come within purview of the statute. Appellant was entitled to a directed verdict of acquittal.

For the foregoing reasons, the judgment of the circuit court is reversed.

All concur.